IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TRAVON GARDNER and TREONIA GARDNER, | ) ) ) | |
| Plaintiff, | ) ) | No. 18 CV 4251 |
| v. | ) ) ) | JUDGE Harry D. Leinenweber |
| The CITY OF CHICAGO, Illinois, a municipal corporation, JAMES HAWORTH and ZACHARY GAMMONLEY, and each of them, | ) ) ) ) ) | |
| Defendants. | ) ) ) | MAGISTRATE JUDGE Michael T. Mason |

### FIRST AMENDED COMPLAINT AT LAW

NOW COMES the PLAINTIFFS, TRAVON GARDNER and TREONIA GARDNER, by and through their attorneys, GOLDBERG WEISMAN CAIRO, LTD., and with the following complaint against Defendants CITY OF CHICAGO, JAMES HAWORTH and ZACHARY GAMMONLEY, and each of them, states as follows.

### JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. §1391(b), as the events giving rise to the claims asserted in this complaint occurred within this District.

## PARTIES

4. Plaintiff, TRAVON GARDNER, is an adult residing in the City of Chicago and State of Illinois.

5. Plaintiff, TREONIA GARDNER, is an adult residing in the City of Chicago and State of Illinois.

6. Defendants, JAMES HAWORTH and ZACHARY GAMMONLY (hereinafter "HAWORTH" and "GAMMONLEY"), were at all relevant times, Chicago Police Officers employed by, Defendant, CITY OF CHICAGO, a municipal corporation and public entity incorporated under the laws of Illinois.

7. Defendants, HAWORTH and GAMMONLEY, were at all relevant times, acting under color of law and within their scope of his employment.

## FACTS

8. On August 14, 2016, Plaintiff, TRAVON GARDNER, was lawfully operating a motor vehicle at or near the intersection of 77th Street and South Central Park Avenue, in the City of Chicago, County of Cook and State of Illinois, with Plaintiff, TREONIA GARDNER, as his passenger.

9. Prior to August 14, 2016, neither Plaintiff had any outstanding warrants or criminal history.

10. Defendants, HAWORTH and GAMMONLEY, who were in uniform and on duty, initiated a traffic stop of TRAVON GARDNER by blocking the path of his vehicle with their own.

11. Defendants, HAWORTH and GAMMONLEY, had no reason based on articulable facts to believe either Plaintiff was committing, had committed, or was about to commit, any crime.

12. After being initially alerted to the presence of HAWORTH and GAMMONLEY, Plaintiffs made no effort to evade the officers or otherwise conceal their identity. As officers approached, TRAVON GARDNER and vehicle's additional occupants, including TREONIA GARDNER, were fully cooperative and complied with the questions and commands of HAWORTH and GAMMONLEY.

13. Without provocation, and despite full compliance to that point, HAWORTH and GAMMONLEY ordered Plaintiff, TRAVON GARDNER out of the vehicle and placed him under arrest.

14. Subsequent to removing Plaintiff, TRAVON GARDNER, from his vehicle and placing him under arrest, HAWORTH and GAMMONLEY proceeded to choke and strike Plaintiff in the head and neck area.

15. When attempting to place Plaintiff, TRAVON GARDNER, in a marked Chicago Police Department vehicle, defendants, HAWORTH and/or GAMMONLEY, knowingly, purposefully and repeatedly struck Plaintiff's head against the side of the vehicle.

16. Upon learning that Plaintiff, TREONIA GARDNER, was videotaping this occurrence, HAWORTH and GAMMONLEY forcibly ceased said recording by physically removing the cellular telephone from her hand and repeatedly striking it against the exterior of Plaintiff's vehicle.

17. Subsequent to leaving the scene, with Plaintiff handcuffed in the back seat, HAWORTH made repeated, purposeful, sudden accelerations and decelerations; these caused Plaintiff's face and head to strike the dividing materials between the front and rear portions of the vehicle's interior.

### Count I: §1983 Excessive Force

18. PLAINTIFF re-alleges paragraphs 1-17 as if fully restated here.

19. As more fully described in the preceding paragraphs, the intentional conduct of Defendants, HAWORTH and GAMMONLEY, towards both Plaintiffs was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment and Fourteenth Amendments to the United States Constitution.

20. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of Plaintiff.

21. As a direct and proximate result of Defendant's use of excessive force, both Plaintiffs suffered physical and emotional damages which will be proven at trial.

WHEREFORE, PLAINTIFFS, TRAVON GARDNER and TREONIA GARDNER pray for judgment against Defendants, CITY OF CHICAGO, JAMES HAWORTH and ZACHARY GAMMONLEY, in a fair and just amount sufficient to compensate Plaintiffs for the injuries suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count II: §1983 Unlawful Seizure

22. Plaintiff restates and re-alleges paragraphs 1-21 as fully restated herein.

23. As more fully described in the preceding paragraphs, Defendants unlawfully seized Plaintiffs against their will and without probable cause or any other legal justification, in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

24. Defendants' individual and collective acts of seizing both Plaintiffs against their will and without legal justification were done willfully, maliciously and/or with reckless indifference to Plaintiff's rights.

25. As a direct and proximate cause of Defendant's misconduct and unlawful seizure, both Plaintiffs suffered damages which will be proven at trial.

WHEREFORE, PLAINTIFFS, TRAVON GARDNER and TREONIA GARDNER pray for judgment against Defendants, CITY OF CHICAGO, JAMES HAWORTH and ZACHARY GAMMONLEY, in a fair and just amount sufficient to compensate Plaintiffs for the injuries suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count III: State Law Claim for Respondent Superior

26. Plaintiffs re-alleges paragraphs 1-25 as if fully restated here.

27. As more fully described in the preceding paragraphs, in committing the acts as alleged herein, Defendants, HAWORTH and GAMMONLEY, were officers and agents of the Chicago Police Department and at all times relevant to this complaint, acted within the scope of his employment.

28. Defendant, CITY OF CHICAGO is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiffs pray for judgment against Defendants, CITY OF CHICAGO, JAMES HAWORTH and ZACHARY GAMMONLEY, in a fair and just amount sufficient to compensate Plaintiffs for the injuries suffered, plus a substantial sum in punitive damages, as well as costs and any such other relief as is just and equitable.

### Count IV: State Law Claim for Indemnification

29. Plaintiffs re-alleges paragraphs 1-28 as if fully restated here.

30. Illinois law requires that public entities are to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment

activities.

31. Defendants, HAWORTH and GAMMONLEY, are or were employee of the Chicago Police Department at all times relevant to this complaint, acting within the scope of their employment in committing the misconduct as detailed herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, CITY OF CHICAGO, JAMES HAWORTH and ZACHARY GAMMONLEY, in a fair and just amount sufficient to compensate Plaintiffs for the injuries suffered, plus a substantial sum in punitive damages, as well as costs and any such other relief as is just and equitable.

**PLAINTIFF demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.**

    Attorneys for the Plaintiff.

    /s/ Lance D. Northcutt
    GOLDBERG WEISMAN CAIRO, Ltd.
    One East Wacker #3800
    Chicago, IL 60601
    Phone: (312) 464-1200
    Fax: (312) 464-1212
    lnorthcutt@gwclaw.com
    ARDC# 6278144